DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Dismiss (Motion), filed April 9, 2010, requesting that the Complaint be dismissed.
Plaintiff filed responses to Defendant's Motion on May 18, 2010, and May 28, 2010. Defendant filed a reply on May 26, 2010.
For tax year 2009-10, the parties agree that Plaintiff failed to file a timely appeal with the board of property tax appeals (BOPTA). The Oregon legislature has enacted laws that guide taxpayers challenging the real market values assigned to their properties. The first step in the appeal process is to file a petition with the county BOPTA. ORS 309.100(2)[1] states that "[p]etitions filed under this section shall be filed with the clerk of the board during the period following the date the tax statements are mailed for the current tax year and ending December 31." (Emphasis added.) To challenge the 2009-10 property values, Plaintiff should have filed a petition with the Multnomah County BOPTA by December 31, 2009. Plaintiff did not file a petition with the BOPTA. *Page 2 
The parties agree that the court's jurisdiction, if any, to hear Plaintiff's appeal is found in ORS 305.288(3) which provides:
 "The tax court may order a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable the assessor or taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the assessor or taxpayer to pursue the statutory right of appeal."
The parties agree that Plaintiff has no statutory right of appeal remaining. The parties disagree that Plaintiff had "good and sufficient cause" for failing "to pursue the statutory right of appeal." Id.
Plaintiff alleges that he had good and sufficient cause because during the time period between mid-October and late November 2009, his employment and vacation took him out of the United States for extended periods of time. (Ptf's Ltr at 1, 2, May 18, 2010.) In addition, at the end of November 2009, Plaintiff was terminated by his employer. (Id. at 2.) Plaintiff wrote that after his employment was terminated he "went into crisis mode had to move quickly to put [his] home on the market and to negotiate with the bank to defer payments to avoid foreclosure and bankruptcy" while "looking for a new job." (Id.) Plaintiff also wrote that his 87 year old father" who lives "at the OR Vets home in the Dalles," suffered "significant health issues * * * [d]uring the same period in December * * * that led to full renal failure in January." (Id.) He wrote that, "[a]t one point I had to drive twice in one day at the recommendation of his Doctors if I wished to see him one last time before he died. He rallied but it was touch go for a good while." (Id.) Plaintiff also wrote that, "[i]n the hundreds of mail pieces I received this one unfortunately got mixed with the junk mail was overlooked until after the deadline [December 31] had passed with Multnomah County to contest the increased property tax rate. I was advised *Page 3 
by the county that my only recourse was to petition the Magistrate Division of the OR Tax Court in Salem." (Id.) He wrote that his "first heads up that this was a serious problem" was when he received his "mortgage bill for January" and "his "mortgage payment when from $1800 a month to $2600[] a month at the same time I was unemployed." (Ptf's Ltr, May 28, 2010.) Plaintiff "apologize[s] for having not gone through the established process for review but given the dramatic flow of events during the last quarter of 2009, * * * believes a case can be made for good an[d] sufficient cause to allow this property to be reviewed." (Ptf's Ltr at 2, May 18, 2010.)
The term "good and sufficient cause" is defined in ORS 305.288(5)(b) as follows:
 "`Good and sufficient cause':
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
ORS 305.288(5)(b)(A) sets forth a two part test. First, good and sufficient cause is "an extraordinary circumstance that is beyond the control of the taxpayer." Id. Each of the following, international business travel, loss of a job and illness of a family member, by itself is not an extraordinary circumstance. However, all three occurring in the same two and one-half month period combine to create an extraordinary circumstance. Second, the statute requires a connection between the event which was beyond the taxpayer's control (extraordinary circumstance) and the failure "to pursue the statutory right of appeal." Id. In this case, Plaintiff alleges that the extraordinary circumstance created by his absence from the United States, the loss of his job, and the illness of his parent, prevented him *Page 4 
from filing a petition with the BOPTA and exercising his statutory right of appeal. Unfortunately, his own writing states a different reason. Plaintiff wrote: "In the hundreds of mail pieces I received this one unfortunately got mixed with the junk mail wasoverlooked until after the deadline had passed with Multnomah Countyto contest the increased property tax rate." (Ptf's Ltr at 2, May 18, 2010.) (Emphasis added.) Based his statement, Plaintiff did not open "junk mail" until "after the deadline," which was December 31. (Id.) During the two and one-half month period, Plaintiff opened mail not designated "junk mail." Plaintiff's extraordinary circumstance did not prevent him from opening all the mail he received only mail designated "junk mail." Plaintiff admits that he did not know he had a "serious problem" until after the deadline to file a timely BOPTA petition. (Ptf's Ltr, May 28, 2010.) Based on Plaintiff's foregoing statement, the extraordinary circumstance did not prevent Plaintiff from filing a petition because he was unaware that he needed to file a petition. The statute states that good and sufficient cause "[d]oes not include inadvertence, oversight, and lack of knowledge." ORS 305.288(5)(b)(B). It was not until "after the deadline" that Plaintiff knew he needed to file a petition. (Ptf's Ltr at 2, May 18, 2010.) The failure of an individual to know that he needs to file a petition does not meet the statutory requirement of good and sufficient cause. If Plaintiff had known he needed to file a petition and was prevented from exercising his statutory right of appeal because of an extraordinary circumstance, then Plaintiff would have met the statutory requirements of good and sufficient cause. *Page 5 
After carefully reviewing the evidence, the court concludes that Plaintiff's lack of knowledge does not demonstrate good and sufficient cause for failing to pursue his statutory right of appeal. Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this ______ day of September 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This Decision was signed by Presiding Magistrate Jill A.Tanner on September 9, 2010. The court filed and entered thisDecision on September 9, 2010.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1